UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| 3M COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:25-CV-037-REW-CJS |
| | ) | |
| V. | ) | |
| | ) | |
| GLENN M. HAMMOND *et al.*, | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court has reviewed DE 18, 3M's emergency motion, as well as the full extant record in the case. The Court schedules a hearing on the matter for **July 24, 2025, at 3:30 p.m.** at the Siler Courthouse in London. At the hearing, the parties may offer proof on and argue the propriety and scope of relief relative to that motion.

However, in the interim, the Court issues certain rulings addressing part of the subject matter:

First, finding good cause[1] to modify the normal timing and sequences in the Federal Rules of Civil Procedure, the Court **GRANTS** 3M leave to serve Hammond the document request described in DE 18;

Second, for the same good cause, the Court **GRANTS** the request for subpoenas to the named Hammond firm, the Glenn Martin Hammond Law Offices, PLLC, and to the named storage

---

[1] The good cause comes from the allegations in the Complaint indicative of obstruction by Hammond, the state court finding of material falsity by Hammond regarding representations in a 3M mask case, the representations by (once) co-counsel regarding Hammond sanitizing files and denying co-counsel access to files of 3M litigants, and 3M's representations concerning the bases for its spoliation concerns. Part of the good cause foundation is in the sealed portion of the docket, and the Court anticipates likely unsealing that portion at and as part of the hearing.

1

firm, U Save Storage, LLC. The Clerk shall issue subpoenas in blank, and counsel for 3M shall complete the documents, per the terms reflected in DE 18, and shall immediately and properly effect service;

Third, Hammond (indeed each party) has a duty to preserve evidence of any potential relevance to this case. That duty exists independent of any court order. "As a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information, including ESI, when that party 'has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation.'" *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citing *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)).

To the extent Hammond has possession, custody, or control over documents, in any form, that pertain in any way to a claim or potential claim against 3M for personal injury (for use of a 3M mask or respirator), Hammond has been under and remains under a preservation duty. The Court recognizes and reaffirms that duty in this Order.

The balance of the sought relief will be the subject of the hearing.

The Clerk shall serve this Order electronically to counsel for 3M, to the lawyers for Givens and Martin 3M identified in its motion, and to Glenn Martin Hammond at the email address registered to him as a member of the bar of this Court. Given that there are no appearances filed, at this point, 3M shall endeavor to serve immediately any other lawyer it knows to represent a party named as a defendant in the Complaint.

This the 22nd day of July, 2025.



Signed By:
*Robert E. Wier*
**United States District Judge**