# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION

| | |
|---|---|
| **3M Company** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 7:25-cv-00037-REW-MAS |
| **GLENN HAMMOND, MICHAEL B. MARTIN, and JOHN (a.k.a. "JOHNNY") GIVENS,** | ) ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT HAMMOND'S
### MOTION TO CONTINUE THE EMERGENCY HEARING SET FOR JULY 24, 2025

On July 21, 2025, plaintiff 3M Company filed an Emergency Motion, DN 18, seeking an order requiring defendant Glenn Hammond to preserve all evidence relevant to this action stored at a U Save Storage, LLC storage unit or anywhere else, to identify immediately the unit number of any U Save storage unit to which he has access or which is rented by or on behalf of him or the Glenn Martin Hammond Law Offices, and to surrender forthwith to a court-appointed third-party custodian pending further direction from the Court the entire contents of the U Save storage unit(s) and of any other storage unit that may contain evidence relevant to this action. 3M also sought (1) authorization to access any such storage unit for the limited purpose of observing the removal of evidence by a third-party custodian, the cost of which 3M would cover, and (2) leave to serve immediately on Hammond a request for production of documents, on the Glenn Martin Hammond Law Offices a subpoena duces tecum, and on U Save a subpoena duces tecum. The next day, the Court granted 3M's Motion in part and set an emergency hearing for July 24, 2025, at 3:30 P.M. to consider the balance of 3M's Motion. *See* DN 19.

Hammond now moves to continue the emergency hearing on four bases: (1) Hammond "has not yet had an opportunity to consult with and/or obtain Counsel to represent him in this proceeding" because he "was served with the Complaint initiating this matter on Monday, July 21, 2025," DN 24 at PageID# 305; (2) Hammond received notice of the emergency hearing on July 22, "which provides insufficient time to adequately prepare for such a hearing," *id.*; (3) Hammond allegedly "has two other hearings scheduled at 9:00 a.m. in Letcher Circuit Court on July 24, 2025," as well as a "Social Security hearing and depositions, all of which have been scheduled for some time now," *id.*; and (4) "no party will be prejudiced by the rescheduling of the hearing," *id.*

None of these bases are well founded. 3M addresses each in turn.

1. In truth, Hammond has had ample opportunity to obtain counsel to represent him in this action. The same day this lawsuit was filed, 3M's counsel contacted Richard A. Getty of The Getty Law Group, PLLC, to see if Hammond would waive service under Federal Rule of Civil Procedure 4(d). *See* 6/13/2025 Letter, attached as **Exhibit A**. 3M's counsel contacted Mr. Getty because Mr. Getty represented Hammond in Pike Circuit Court, when Hammond was facing sanctions. Mr. Getty promptly advised 3M's counsel that he no longer represented Hammond. So, on June 17, 2025 (just four days after this action was filed), 3M's counsel contacted Hammond directly to see if he would waive service under Federal Rule of Civil Procedure 4(d). *See* 6/17/2025 Letter, attached as **Exhibit B**. The letter to Hammond was delivered via Federal Express on June 18, 2025 (just five days after this action was filed) at 10:13 a.m. and was received by "C. Jackson." *See* FedEx Shipping Confirmation, attached as **Exhibit C**. What's more, it is indisputable that Hammond knew of this action as early as June 16, 2025, because he made a public statement about the case to Mountain Top Media. *See* Ralph Davis, *Pikeville attorney one of three lawyers accused of filing frivolous black lung lawsuits*, MOUNTAIN TOP MEDIA, https://mountain-

topmedia.com/pikeville-attorney-one-of-three-lawyers-accused-of-filing-frivolous-black-lung-lawsuits/ (last accessed July 23, 2025).

2. It is true that Hammond received notice of the emergency hearing on July 22, 2025. But that is true of every party to this action, including 3M. Ultimately, the Court considered the interests of the parties, the potential prejudice to be suffered by the parties, and the risk of spoliation of evidence to find good cause supporting a departure from the ordinary discovery process *and* to justify a hearing on an emergency basis on July 24. Hammond's contention does nothing more than second guess this Court's consideration of Hammond's due process concerns.

3. Hammond claims to be due in court in Letcher Circuit Court on two matters at 9:00 a.m. However, unless the Letcher Circuit Court docket is not updated on CourtNet, it does not appear that Hammond is scheduled to appear in any matter before that court at 9:00 a.m. as he claims. But even if that were true, Hammond does not explain why his early morning presence in Letcher County renders it impossible for him to be in London for an emergency hearing at 3:30 p.m. Hammond also claims to have a Social Security hearing set for tomorrow, as well as "depositions." However, Hammond does not identify the time or place of these scheduled events. Even if these are pre-scheduled commitments, Hammond does not indicate that they conflict with the emergency hearing set for 3:30 p.m., or that they cannot be rescheduled.

4. Hammond claims that no party will be prejudiced if the emergency hearing is continued. That is simply not true. The very essence of 3M's Motion is that the risk of irreparable harm to 3M increases "[e]ach day these original files remain under Hammond's control[.]" DN 18 at PageID# 204. Specifically, if Hammond uses the time granted by a continuance to destroy or relocate these files, they "cannot be recreated or retrieved, causing irreparable harm to 3M." *Id.* at

3

PageID# 203. To that end, the Court has already found good cause justifying a departure from the ordinary course of discovery—an extraordinary remedy.

5.  3M further notes that it has complied with the Court's directives to "immediately and properly effect service" of its document request upon Hammond and its subpoenas duces tecum upon Hammond's law firm and U Save. *See* DN 19. Notably, U Save promptly complied with 3M's subpoena duces tecum and produced documents responsive thereto. U Save further identified two U Save storage units by number which are rented by Hammond. Hammond, on the other hand, has declined to produce any documents responsive to 3M's request for production, nor has he caused any documents responsive to 3M's subpoena duces tecum directed to his law firm to be produced to 3M—despite being directed to respond "forthwith."

For all these reasons, Hammond's Motion, DN 24, should be denied.

Dated: June 24, 2025                                   Respectfully submitted,

FULTZ MADDOX DICKENS PLC

*/s/ Benjamin C. Fultz*
Benjamin C. Fultz (KBA #84398)
Gregory Scott Gowen (KBA #85408)
Robert E. Ranney (KBA #100226)
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
(502) 588-2000
bfultz@fmdlegal.com
sgowen@fmdlegal.com

Steve Grimes
(Admitted *Pro Hac Vice*)
Whitney I. Adams (KBA #100826)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel.: (312) 558-5600
Fax: (312) 558-5700

4

sgrimes@winston.com
wiadams@winston.com

*Attorneys for 3M Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 23, 2025, I caused the foregoing document to be served via CM/ECF upon counsel of record and via email to Glenn Martin Hammond as follows:

Glenn Martin Hammond
gmhlaw@hotmail.com

Judd R. Uhl
R. Morgan Salisbury
LEWIS BRISBOIS BISGAARD & SMITH, LLP
250 East Fifth Street, Suite 2000
Cincinnati, OH 45202
(513) 808-9911
Judd.Uhl@lewisbrisbois.com
Morgan.Salisbury@lewisbrisbois.com

David L. Miller
MILLER, SCAMARDI, CARRABBA & BURGESS, P.C.
6525 Washington Avenue
Houston, Texas 77007
(713) 861-3595
DMiller@msc-lawyer.com
*Counsel for Defendant Martin*

Walter C. Morrison, IV
GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.
240 Trace Colony Park Drive, Suite 100
Ridgeland, MS 39157
(601) 209-3171
WMorrison@gainsben.com
*Counsel for Defendant Givens*