# Exhibit 3

CAUSE NO. 23-CV-0488

| | | |
|---|---|---|
| **3M COMPANY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **MICHAEL B. MARTIN** and | § | |
| **MARTIN WALTON LAW FIRM,** | § | |
| | § | |
| **Respondents.** | § | **10ᵀᴴ JUDICIAL DISTRICT** |

## RESPONDENT'S OBJECTIONS AND RESPONSES TO PETITIONER'S REQUEST FOR DOCUMENTS TO MICHAEL B. MARTIN

TO: Petitioner, **3M COMPANY**, by and through its attorneys of record, Denise Scofield and Brandon W. Duke, Winston & Strawn LLP, 800 Capitol, Suite 2400, Houston, Texas 77002

COMES NOW, **MICHAEL B. MARTIN**, named Respondent in the above-captioned cause, by and through his attorney of record, and pursuant to the Texas Rules of Civil Procedure, Texas Rules of Evidence and the Court's Order, makes and serves the following Objections and Responses to the request for documents previously served by Petitioner.

Respectfully submitted,

MILLER, SCAMARDI, CARRABBA
& BURGESS, P.C.

By:   /s/ David L. Miller
      David L. Miller
      SBN: 14067300
      Diane F. Burgess
      SBN: 24036594
      6525 Washington Avenue
      Houston, Texas 77007-2112
      TEL: (713) 861-3595
      FAX: (713) 861-3596
      E-SERVICE: e-service@msc-lawyer.com

**ATTORNEYS FOR RESPONDENTS,
MICHAEL B. MARTIN AND MARTIN
WALTON LAW FIRM**

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record via electronic service, electronic mail, certified mail, return receipt requested and/or facsimile, pursuant to Rule 21a, Tex. R. Civ. P., on this 1st day of July 2024.

                    /s/ David L. Miller
              David L. Miller / Diane F. Burgess

## RESPONDENT'S OBJECTIONS TO PETITIONER'S DEFINITIONS

Respondent objects to Petitioner's definition of "Dust Mask Client(s)" on several grounds. First, it calls for speculation as to the identity of clients of Glenn Hammond, Johnny Givens, Glenn Hammond Law Office, and Givens Law, PLLC. 3M failed to give notice to other nonparties (Martin's former clients) whose records are sought by the request to Martin, as required by Rule 205. Tex. R. Civ. P. Other than the dust mask clients that are the subject of the May 5, 2020 agreement, said definition is overbroad in scope, not limited and time and calls for speculation. The second prong of the definition contemplates any client Martin has ever represented in any capacity, as it is not limited to claims filed against 3M, is not limited to claims filed for dust mask or respirator claims, and has no limitation in time or geography. The breadth of said definition appears to contemplate any client Respondent has ever represented, which clearly falls outside the scope of the Petition for 202 Deposition and seeks information that is irrelevant and privileged. Martin could not possibly attempt to respond based on the scope of this definition.

## RESPONDENT'S OBJECTIONS AND RESPONSES TO DOCUMENTS REQUESTED

1. any and all retention letters, engagement letters, and other agreements between You on the one hand, and Glenn Martin Hammond, the Glenn Martin Hammond Law Office, Johnny Givens, and/or Givens Law Firm, PLLC on the other;

**OBJECTION:** **Respondent objects to the extent Petitioner seeks documents that are not relevant to the 202 Petition, and the request is overbroad in scope and time. Petitioner's request for "other agreements" is vague and ambiguous.**

**RESPONSE:** **Subject to and without waiving Respondent's objection, the only responsive document to this request is the letter agreement dated May 5, 2020, which is already in Petitioner's possession, as it was also produced in the Johnny Wilson, et al v. 3M case pending in Pikesville, Kentucky (now on appeal) and was attached as Exhibit 8 to Petitioner's Reply to Respondents' Response to the 202 Petition. See documents, Bates-labeled MM 000001 – 5. In addition, see executed Election Letters, Bates-labeled MM 000005 - 13, to the extent responsive.**

2. any and all Dust Mask Client intake files (including intake forms, questionnaires, and other written notes taken during intake; consent to release forms, requests for medical records, and other forms completed for the purpose of obtaining records on the client's behalf; and contracts for attorney's fees and other agreements executed upon retention) and the date You received the file;

**OBJECTION:** **Based on the definition of Dust Mask Client, Respondent could not possibly respond to the unduly burdensome and overbroad nature of this request. Respondent further objects to the extent Petitioner's request is**

3

>> not limited in time and seeks information outside the scope of a request for documents by seeking a narrative response ("and the date you received the file"). Respondent objects to this request for "intake files" and "other agreements" is vague as Petitioner's definition incorporates privileged information and would contemplate clients not referred by Hammond. Respondent further objects to the extent Respondent no longer represents the majority of the Dust Mask Clients contemplated by the request and is without authority to respond on their behalf, as the Dust Mask Client retains the privilege and has not consented to the production of confidential and privileged information to 3M, including medical authorizations or records, and said Dust Mask Clients were not served with notice of the request as required by Rule 205.3(c). TEX. R. CIV. P.; TEX. R. EVID. 503(b)(1). Information contained in documents included in Dust Mask Client intake files also includes information protected from disclosure by Rules 509 and 510 of the Texas Rules of Evidence. Said disclosure of protected health information in responsive documents is further prohibited by HIPAA, the applicable federal regulations, and its state equivalents (TX and KY). Texas Health and Safety Code §181.154(c) and 45 C.F.R. §164.502(a)(1). Finally, this request seeks information that is not relevant when suit has been filed for a dust mask client within one year of diagnosis. *See 3M Company v. Engle*, 328 S.W.3d 184, 189 (KY 2010).

**RESPONSE:** Subject to and without waiving Respondent's objection, 3M is in possession of intake files produced or discovery responses served for claims in which Martin is counsel of record, e.g., Blair00001-00003, and attached as documents, Bates-labeled MM 000014 - MM 000048.

Martin withholds documents characterized as intake files for Dust Mask Clients, who he no longer represents or for those clients where suit has not been filed by Martin or Hammond or discovery requests have not been served, pursuant to the attorney-client, work product and HIPAA protections governing confidential and protected health information. TEX. R. EVID. 503, 509 and 510.

Martin maintains these intakes or the information reflected in same will be the subject of discovery at the appropriate time and in the appropriate court where the dust mask claims are pending. Respondent will provide a representative sampling of the privileged documents withheld for the court's *in camera* review, as production of all documents withheld are too voluminous and burdensome. See also, Respondent's Privilege Log.

4

3.     documents reporting any and all dates on which You created a new file in Your system(s) for a Dust Mask Client;

**OBJECTION:** **Respondent objects to the extent Petitioner's request is overbroad and unduly burdensome, and is not limited in time and seeks information outside the scope of a request for documents. Respondent objects to the extent Respondent no longer represents certain Dust Mask Clients contemplated by the request and is without authority to respond on their behalf. Respondent further objects to the extent Petitioner's request is prohibited to the extent it seeks a narrative response in lieu of a document.**

**RESPONSE:** **Subject to and without waiving Respondent's objection, Respondent has no responsive documents reflecting the date a new file was created for a Dust Mask Client and has not withheld any responsive documents. Documents produced in response to Request No. 4 may reflect communications regarding receipt of client file material, but may not also reflect the date a new file was created in the firm's system.**

4.     documents reporting any and all dates on which materials relating to Dust Mask Client cases were transferred to You from Glenn Martin Hammond or the Glenn Martin Hammond Law Office, including what files were transferred and how they were transferred;

**OBJECTION:** **Respondent objects to the extent Petitioner's request is not limited in time and seeks information outside the scope of a request for documents by seeking a narrative response (". . . and how they were transferred"). Respondent further objects to the extent the request is vague as to materials and their transfer. Petitioner's request is unduly burdensome as Respondent could not possibly identify every document that might report a date upon which file materials relating to Dust Mask Client cases were "transferred" from the Glenn Martin Hammond Law Firm. Furthermore, Respondent objects to the extent Respondent no longer represents the majority of Dust Mask Clients contemplated by the request and is without authority to respond on their behalf, as the Dust Mask Client retains the privilege and has not consented to the production of any confidential and privileged information to 3M, including communications referencing medical records or medical authorizations, as said Dust Mask Clients were not served with notice of the request as required by Rule 205.3(c). TEX. R. CIV. P.; TEX. R. EVID. 503(b)(1). Information contained in communications and documents included in materials relating to Dust Mask Client cases includes information protected from disclosure by Rules 509 and 510 of the Texas Rules of Evidence. Said disclosure of protected health information in responsive documents is further prohibited by HIPAA, the applicable**

5

|  |  |
|---|---|
|  | federal regulations, and its state equivalents (TX and KY). Texas Health and Safety Code §181.154(c) and 45 C.F.R. §164.502(a)(1). |
| **RESPONSE:** | **Subject to and without waiving Respondent's objection, see attached responsive documents, Bates-labeled MM 000049 - MM 000119.** |
|  | **Respondent withholds communications referencing documents or file materials for Dust Mask Client cases, who he no longer represents or for those clients where suit has not been filed by Martin or Hammond, pursuant to the attorney-client, work product and HIPAA protections governing confidential and protected health information. TEX. R. CIV. P. 503, 509 and 510. In the event privilege is waived or consent is given after Petitioner's notice to nonparties impacted by the request, Respondent will produce responsive documents. Respondent will produce documents withheld for the court's *in camera* inspection. See also, Respondent's Privilege Log.** |

5.   redacted copies of any and all communications indicating that You would be working with Glenn Martin Hammond and/or the Glenn Martin Hammond Law Office to provide legal representation, including such communications to Dust Mask Clients;

|  |  |
|---|---|
| **OBJECTION:** | **Respondent objects to the extent Petitioner's request is not limited in time and is overbroad and unduly burdensome to produce all communications referencing the working relationship with Hammond's Law Office. Respondent objects to the extent Respondent no longer represents certain Dust Mask Clients contemplated by the request and is without authority to respond on their behalf, as the Dust Mask Client retains the privilege and has not consented to the production of communications referencing confidential and privileged information to 3M, including communications referencing medical records or medical authorizations, as said Dust Mask Clients were not served with notice of the request as required by Rule 205.3(c). TEX. R. CIV. P.; Tex. R. Evid. 503(b)(1). Information contained in communications to Dust Mask Client includes information protected from disclosure by Rules 509 and 510 of the Texas Rules of Evidence. Said disclosure of protected health information in responsive documents is further prohibited by HIPAA, applicable federal regulations and its state equivalents (TX and KY). Texas Health and Safety Code §181.154(c) and 45 C.F.R. §164.502(a)(1).** |
| **RESPONSE:** | **Subject to and without waiving Respondent's objection, see attached redacted documents Bates-labeled MM 000120 – MM 001073.** |

6

6.     documents reporting the dates of any and all meetings with Dust Mask Clients (in person, or via phone, videoconference, or other means), including all receptionist logs;

**OBJECTION:** **Based on the definition of Dust Mask Client, Respondent could not possibly respond to the unduly burdensome and overbroad nature of this request or even attempt to ferret out all documents that happen to reference dates of a client meeting or phone call. Respondent further objects to the extent Petitioner's request is not limited in time. Respondent objects to the extent Respondent no longer represents certain Dust Mask Clients contemplated by the request and is without authority to respond on their behalf, as the Dust Mask Client retains the privilege and has not consented to the production of confidential and privileged information to 3M, including production of documents that include reference to medical authorizations or medical records, as said Dust Mask Clients were not served with notice of the request as required by Rule 205.3(c). TEX. R. CIV. P.; Tex. R. Evid. 503(b)(1). Documents reporting dates of meetings with Dust Mask Clients on their face would include attorney-client communications, work product and confidential protected health information protected from disclosure by Rules 503, 509 and 510 of the Texas Rules of Evidence and constitutes work product. Said disclosure of any documents referencing dates of meetings may include reference to protected health information in responsive documents is further prohibited by HIPAA, applicable federal regulation and its state equivalents (TX and KY). Texas Health and Safety Code § 181.154(c) and 45 C.F.R. § 164.502(a)(1).**

**RESPONSE:** **Subject to and without waiving Respondent's objection, Respondent has no receptionist logs.**

**See attached redacted responsive documents, Bates-labeled MM 001074 - MM 001078.**

**Respondent withholds documents revealing attorney-client communication, work product and confidential protected health information and will produce a representative sampling of privileged documents for the court's *in camera* inspection, as production of all privileged responsive document is too voluminous and unduly burdensome. See also, Respondent's Privilege Log.**

7.     documents reporting the dates of any and all meetings with or among You, Glenn Martin Hammond, representatives of the Glenn Martin Hammond Law Office, Johnny Givens, and/or representatives of Givens Law Firm, PLLC;

**OBJECTION:** **Respondent objects to the extent this request is not limited in time or scope. The definition of "You" would include any and all internal firm**

7

**communications regarding any case, which is clearly not contemplated by the scope of the 202 Petition. Furthermore, the scope of the request is not limited to Hammond Dust Mask claims against 3M, which further exceeds the scope of the 202 Deposition. There is not even a limitation regarding the scope of the meeting or subject of the meeting. Any communications among the lawyers representing the same client regarding the legal representation of Dust Mask Clients as defined is so overbroad and unduly burdensome, it would be impossible to determine the scope or universe of responsive documents, as referenced above in the objection to the definition of Dust Mask Client(s). Respondent objects to the extent any communication between co-counsel that reference the dates of meetings are privileged communications, as defined by Rule 503(b)(1)(E) of the Texas Rules of Evidence, and likewise exempt from a document request as privileged attorney-client communication. Furthermore, for the vast majority of Dust Mask Clients, Respondent withdrew from representation of the Hammond Plaintiffs contemplated by the request. Respondent is without authority to respond on their behalf, as the Dust Mask Client retains the privilege and has not consented to the production of documents referencing dates of meetings of their lawyers regarding their cases that include confidential and privileged information to 3M, including production of documents that include reference to medical authorizations or medical records, as said Dust Mask Clients were not served with notice of the request as required by Rule 205.3(c). T**EX**. R. C**IV**. P.; T**EX**. R. E**VID**. 503(b)(1). Documents reporting dates of meetings between lawyers regarding Dust Mask Clients on their face would include attorney-client communications, work product and confidential protected health information protected from disclosure by Rules 503, 509 and 510 of the Texas Rules of Evidence and constitutes or includes work product. Said disclosure of any documents referencing dates of meetings may include reference to protected health information in responsive documents is further prohibited by HIPAA, applicable federal regulations and its state equivalents (TX and KY). Texas Health and Safety Code §181.154(c) and 45 C.F.R. §164.502(a)(1).**

**RESPONSE:**     **Subject to and without waiving Respondent's objection, see Affidavit of Mike Martin attached to Motion to Stay regarding the meetings conducted regarding the Johnny Wilson case and attached responsive documents, MM 001079 - MM 001114**

**Respondent withholds documents revealing attorney-client communication, work product and confidential protected health information and will produce said documents for the court's *in camera* inspection. See also, Respondent's Privilege Log.**

8

8.     any and all communications between You, Glenn Martin Hammond, representatives of the Glenn Martin Hammond Law Office, Johnny Givens, and/or representatives of Givens Law Firm, PLLC about the inventory of Dust Mask Client claims prior to the filing of a complaint, including all versions of the spreadsheet labeled "active dust mask list"; and

**OBJECTION:** **Respondent objects to the extent this request is not limited in time or scope. The definition of "You" would include any and all internal firm communications regarding any case, which is clearly not contemplated by the scope of the 202 Petition. Furthermore, the scope of the request is not limited to Hammond Dust Mask claims against 3M, which further exceeds the scope of the 202 Deposition. There is not even a limitation regarding the scope of the meeting or subject of the meeting. Any communications among the lawyers regarding the legal representation of Dust Mask Clients as defined is so overbroad and unduly burdensome, it would be impossible to determine the scope or universe of responsive documents, as referenced above in the objection to the definition of Dust Mask Client(s). Respondent objects to the extent any communication between co-counsel that reference the Dust Mask Client claims are privileged communications as defined by Rule 503(b)(1)(E) of the Texas Rules of Evidence and are likewise exempt from a document request as privileged attorney-client communication. Furthermore, for the vast majority of Dust Mask Clients, the complaint had been filed prior to Respondent's involvement or without Respondent's consent. Respondent withdrew from representation of the Hammond Plaintiffs contemplated by the request. Respondent is without authority to respond on their behalf, as the Dust Mask Client retains the privilege and has not consented to the production of documents referencing communications between lawyers regarding their cases that include confidential and privileged information to 3M, including production of documents that include reference to medical authorizations or medical records, as said Dust Mask Clients were not served with notice of the request as required by Rule 205.3(c). TEX. R. CIV. P.; TEX. R. EVID. 503(b)(1). Documents regarding communications between lawyers regarding Dust Mask Clients on their face would include attorney-client communications, work product and confidential protected health information protected from disclosure by Rules 503, 509 and 510 of the Texas Rules of Evidence and constitutes or includes work product. Said disclosure of any documents referencing said communications may include reference to protected health information of non-parties and is further prohibited by HIPAA, applicable federal regulations and its state equivalents (TX and KY). Texas Health and Safety Code §181.154(c) and 45 C.F.R. §164.502(a)(1). Respondent further objects to the extent the request is overbroad and unduly burdensome, and vague as to inventory of claims.**

**RESPONSE:** **Subject to and without waiving Respondent's objection and assertion of privilege, see documents produced in response to request No 4. See also, the redacted spreadsheet labeled "active dust mask list" provided by**

9

**Glenn Hammond's office with email communication, attached and Bates-labeled MM 001175 – 1250. See also, Respondent's revised version of the redacted spreadsheet, which highlights cases never received from Glenn Hammond's office, attached and Bates-labeled MM 001115 – 1174. Additional responsive documents are also attached and Bates-labeled: MM 001251 – 1286.**

**Respondent withholds responsive documents revealing attorney-client communication, work product and confidential protected health information and will produce said documents for *in camera* inspection. See also, Respondent's Privilege Log.**

9. copies of any paper files allegedly discovered in the Glenn Martin Hammond Law Office on March 16, 2023.

**OBJECTION:** **Respondent objects to the extent Petitioner seeks information protected by attorney-client privilege, attorney and work product privilege for clients Respondent no longer represents, who are Dust Mask Clients contemplated by the request, as Respondent is without authority to respond on their behalf. Respondent objects to the extent "paper files" is vague.**

**RESPONSE:** **Subject to and without waiving Respondent's objection and assertion of privilege, the Johnny Wilson paper file was the only paper file Respondent was permitted to copy and relevant excerpts of the paper file, including the original intake for Johnny Wilson was previously produced to 3M in the Johnny Wilson case on March 31, 2023 in the Rule 60 Motion to Clarify as Exhibit 10 and 11. See responsive documents, Bates-labeled MM 001287 – 1303.**

**The remainder of the paper file includes confidential attorney-client communications and work product documents, as well as medical records and documents regarding confidential protected health information, protected by privilege. TEX. R. CIV. P. 503, 509 and 510. Respondent no longer represents the Wilsons and is unable to disclose privileged information, as the case remains pending on appeal. The remainder of the paper file will be produced to the court for *in camera* inspection.**

**In addition, Respondent was only able to copy portions of the files for Glen Coleman and Tim Adkins (1972) on March 16, 2023. Respondent no longer represents either client and said documents include confidential attorney-client communications and work product documents, as well as medical records and documents regarding confidential protected health information, protected by privilege that**

10

**Respondent is unable to disclose. T**EX**. R. C**IV**. P. 503, 509 and 510. These excerpts of paper files will be produced for the court's** *in camera* **inspection. See also, Respondent's Privilege Log.**